## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceeding |
| | ) | |
| MICHAEL THOMAS MILLIMAN, | ) | Case No.  23-60322-CAN7 |
| | ) | |
| Debtor. | ) | Adversary Case No. 23-06007-BTF |
| | ) | |
| "LILY," *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL THOMAS MILLIMAN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

COMES NOW Debtor/Defendant Michael Thomas Milliman ("Defendant" or "Mr. Milliman"), by and through the undersigned counsel, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, and L.R. 9013-1(H) of the Local Rules of Practice of the United States Bankruptcy Court for the Western District of Missouri, and submits the following Statement of Uncontroverted Material Facts in Support of Summary Judgment.

1.　In 2019, Mr. Milliman was charged in the United States District Court for the Western District of Missouri with possession of child pornography in the case styled *United States of America, Plaintiff v. Michael Milliman, Defendant*, Case No. 19-03174-01-cr-MDH (the "Criminal Case"). (Amended Complaint to Determine Non-Dischargeability of Debt Pursuant to Section 523 of the Bankruptcy Code [Doc. 11] ("Am. Compl.") ¶ 23; Answer of Defendant Michael Thomas Milliman to the Amended Complaint to Determine Non-Dischargeability of Debt [Doc. 27]

("Ans.") ¶ 23; and Affidavit of Michael Thomas Milliman in Support of Defendant's Motion for Summary Judgment ("Milliman Aff."), filed contemporaneously herewith, ¶ 3.)

2. Mr. Milliman fully cooperated with the federal prosecutors in the Criminal Case, and on April 19, 2021 he entered a plea of guilty to the sole count of the information for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Am. Compl. ¶ 24; Ans. ¶ 24; Milliman Aff. ¶¶ 4−5.) (*See also* the Plea Agreement[1] filed in the Criminal Case [Doc. 34 in Case No. 19-03174-01-cr-MDH].)

3. While Mr. Milliman pled guilty to possession of the images as charged, he never created, produced, published, displayed, sold, or distributed any pornographic images, including those referenced in the Criminal Case. (Milliman Aff. ¶¶14−16.)

4. A judgment was entered against Mr. Milliman in the Criminal Case on July 28, 2021. (Milliman Aff. ¶ 6.; *see also* the Judgment in a Criminal Case [Doc. 45 in Case No. 19-03174-01-cr-MDH] ("Crim. J.").)

5. Mr. Milliman was sentenced to a 36-month prison term which he served from July 21, 2021 to October 26, 2023.[2] (Milliman Aff. ¶ 8; Crim. J. p. 2; Sentence Reduction Order p. 1.)

---

[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a motion for summary judgment shall be supported by "particular parts of material in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(b)(1)(A). In considering a motion for summary judgment, the Eighth Circuit will permit this Court to also take judicial notice of (and likewise consider in making its ruling) judicial opinions as well as public records and files, such as the Plea Agreement and other filed pleadings filed in the Criminal Case. *See Stutzka v. McCarville*, 420 F.3d 757, 760, n. 2 (8th Cir. 2005) (citing *United States v. Eagleboy,* 200 F.3d 1137, 1140 (8th Cir. 1999)).

[2] Mr. Milliman is currently suffering from an advanced and aggressive form of cancer requiring surgical and other medical intervention not available to him at the correctional facility where he was serving. In light of his diagnosis, on October 12, 2023, the court in the Criminal Case entered an order granting an unopposed motion for compassionate release and reducing Mr. Milliman's prison sentence to time previously served. (Milliman Aff. 9−10; *see also* the Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 54 in Case No. 19-03174-01-cr-MDH] ("Sentence Reduction Order"), a true copy of which Sentence Reduction Order is attached hereto as **Exhibit A** and incorporated herein by this reference.) Accordingly, as of this date, Mr. Milliman has completed serving his sentence of imprisonment and has been released.

6.  In addition to imposing a prison sentence, on August 16, 2021 the court in the Criminal Case ordered Mr. Milliman to pay restitution in the amount of $55,000.00 plus costs for the benefit of known victims. (Milliman Aff. ¶ 11; *see also* the Amended Restitution Judgment [Doc. 48 in Case No. 19-03174-01-cr-MDH] ("Am. Restit. J.") ¶ 5, a true copy of which Amended Restitution Judgment is attached hereto as **Exhibit B** and incorporated herein by this reference.)

7.  The Amended Restitution Judgment required "[a]ll payments [of restitution] to be made to the Clerk of the Court, United States District Court, 400 E. 9th Street, Room 1150, Kansas City, MO 64106." (Am. Restit. J. ¶ 8.)

8.  On or about August 18, 2021, Mr. Milliman's obligation under the Amended Restitution Judgment was satisfied in full by payment of the sum of $60,100.00 to the Clerk of the Court at the address provided for payment. (Milliman Aff. ¶ 13; Affidavit of Kathy Kincheloe in Support of Defendant's Motion for Summary Judgment ("Kincheloe Aff."), filed contemporaneously herewith, ¶¶ 4−7 and Ex. A. and Ex. B thereto.)

9.  Mr. Milliman filed his voluntary petition for relief [Doc. 1 in Case No. 23-60322-can7] (along with the schedules and statements filed therewith, collectively referred to as the "Petition" or "Pet.") under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Missouri (this "Court"), commencing the underlying bankruptcy case. (*See generally*, Pet.)

10. Plaintiffs commenced a civil cause of action[3] against Mr. Milliman seeking monetary damages pursuant to 18 U.S.C. § 2255(a). (Am. Compl. ¶ 1; Ans. ¶ 1; *see generally* the Complaint filed in the Civil Case [Doc. 1 in Case No. 6:22-cv-03329-MDH]).

11. The District Court in the Civil Case has determined that the claims raised therein do

---

[3] Plaintiffs' cause of action pursuant to 18 U.S.C. § 2255(a) was commenced on or about December 28, 2022 before the United States District Court of the Western District of Missouri, Southern Division (the "District Court") in the case styled "*Lily,*" *et al., Plaintiffs v. Michael Milliman, Defendant*, Case No. 6:22-cv-03329-MDH (the "Civil Case").

not fit within any exception to the automatic stay as identified under 11 U.S.C. § 362(b), and for that reason, the Civil Case has been stayed pending further order of such Court. (*See* the Order filed on July 19, 2023 in the Civil Case [Doc. 27 in Case No. 6:22-cv-03329-MDH].)

12. On September 26, 2023, Plaintiffs "Lily," "Sarah," "Solomon," William L.E. Dussault as guardian ad litem for "Violet," "Jane Roe as next friend for 'Pia,'" "Henley," "Jenny," and "Fiona" (collectively, the "Plaintiffs") commenced the instant adversary proceeding before this Court under Adv. Case No. 23-6007. (*See generally* Complaint [Doc. 1].)

13. Plaintiffs are the victims (or their representatives) in the Criminal Case. (Am. Compl. ¶ 1; Ans. ¶ 1.)

14. The first count of the Amended Complaint asserts a cause of action for willful and malicious injury to Plaintiffs as a result of Mr. Milliman's conduct in alleged contravention of 18 U.S.C. § 2255. (Am. Compl. ¶¶ 31−35.)

15. In support of their first cause of action, Plaintiffs make the blanket statement that "Plaintiffs suffered willful and malicious injury by Defendant by his viewing child pornography images of Plaintiffs." (Am. Compl. ¶ 34.)

16. In their Amended Complaint, Plaintiffs have failed to demonstrate any facts to support their claim that Mr. Milliman's conduct was "willful" within the meaning of Section 523(a)(6) of the Bankruptcy Code. (Am. Compl. ¶¶ 31−35.)

17. There is no evidence in the Amended Complaint to support the allegation that Mr. Milliman desired to cause harm injury to Plaintiffs as a consequence of his possession of the images in question or that Mr. Milliman was substantially certain that Plaintiffs would be injured or were indeed injured as a result of his conduct. (*Id.*)

18. Mr. Milliman expressly denies his intention to cause harm to anyone by his

possession of the images in question. (Milliman Aff. ¶ 19.)

19. In their Amended Complaint, Plaintiffs have further failed to demonstrate any facts to support their claim that Mr. Milliman's conduct was "malicious" within the meaning of Section 523(a)(6) of the Bankruptcy Code. (Am. Compl. ¶¶ 31−35.)

20. There is no evidence in the Amended Complaint that Mr. Milliman desired to target these particular victims as a result of his conduct. (*Id.*)

21. In fact, Mr. Milliman does not know any of the victims personally, and has never met, conversed with, nor corresponded with any of them. (Milliman Aff. ¶¶ 17−18.)

22. By his own admission, Mr. Milliman did not intend to cause harm to any of these particular victims through his possession of the images referenced in the Criminal Case. (Milliman Aff. ¶ 19.)

23. The second count of the Amended Complaint asserts a cause of action under Section 523(a)(13) of the Bankruptcy Code, alleging non-dischargeability of the debt arising from Mr. Milliman's restitution obligation. (Am. Compl. ¶¶ 36−39.)

24. As stated above in greater detail, Mr. Milliman's restitution obligation was paid in full in the manner expressly provided for in the Amended Restitution Judgment on or about August 18, 2021, and thus he has no remaining liability to Plaintiffs under said judgment as is alleged in the second count of the Amended Complaint. (Am. Restit. J. ¶ 8; Milliman Aff. ¶ 13; Kincheloe Aff. ¶¶ 4−7 and Ex. A. and Ex. B thereto.)

## **CONCLUSION**

WHEREFORE, Defendant Michael Thomas Milliman respectfully prays this Court enter summary judgment in his favor on Counts I and II of the Amended Complaint, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: */s/ Robert E. Eggmann*
ROBERT E. EGGMANN (#37374)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com

COUNSEL FOR DEFENDANT MICHAEL T. MILLIMAN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 14th day of November, 2023, upon all counsel of record.

*/s/ Robert E. Eggmann*