# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Chapter 7 Proceeding |
| Michael Thomas Milliman, | Case No. 23-60322 (CAN) |
| Debtor. | |
| "LILY," "SARAH," "SOLOMON," "HENLEY," WILLIAM L.E DUSSAULT as Guardian ad litem for "VIOLET," a minor, JANE ROE, as next of friend of "PIA," a minor, "JENNY" and "FIONA," | Adv. Proc. No.: 23-06007 (CAN) |
| Plaintiffs, | |
| v. | |
| MICHAEL THOMAS MILLIMAN, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR/DEFENDANT MICHAEL THOMAS MILLIMAN'S MOTION <u>FOR SUMMARY JUDGMENT</u>**

BILL KENNEY LAW FIRM, LLC
William C. Kenney, Esq.
Mo. Bar No. 63001
PO Box 561
Lee's Summit, MO 64063
Telephone: (816) 842-245
Facsimile: (816) 474-8899
E-mail: bkenney@billkenneylaw.com

*Attorneys for Plaintiffs*

1

COMES NOW Plaintiffs "LILY," "SARAH," "SOLOMON," "HENLEY," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," a minor, JANE ROE, as next friend for "PIA," a minor, "JENNY," and "FIONA," by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 26, made applicable in the bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1(H) of the Local Rues of Practice of the United States Bankruptcy Court for the Western District of Missouri, submit the following Memorandum of Law in Opposition to Debtor-Defendant Michael Thomas Milliman's Motion for Summary Judgment.

## INTRODUCTION

Debtor/Defendant Michael Thomas Milliman ("Milliman") seeks to discharge the damages imposed upon him pursuant to § 2255 Title 18 of the United States Code ("18 U.S.C.") in *Lily, et al. v. Michael Milliman* (Case No. 6:22-cv-03329-MDH) (W.D.M.O.). The civil-remedy provision of the federal child pornography statute (now known professionally as "child sex abuse material") ("CSAM"), 18 U.S.C. § 2255, provides <u>statutory</u> liquidated damages of $150,000, and attorney's fees, to victims of child pornographers. On April 19, 2021, Milliman entered a plea agreement for the charge of possession of CSAM in direct violation of 18 U.S.C. § 2252(a)(4)(B). Under applicable law, "[a]ny debt resulting from the willful and malicious injury by the debtor is excepted from discharge." *In re Boland*, 946 F.3d 335 (6th Cir. 2020). Therefore, as discussed herein, the debt owed by Milliman is unequivocally non-dischargeable and his motion for summary judgment must be denied. *Id.*

## RELEVANT FACTS

In 2019, Milliman was charged in the United States District Court, Western District of Missouri, in the matter denominated *United States v. Michael Milliman*, (Case No.: CR 19-03174-

01-CR-S-MDH) (W.D.M.O.) ("Criminal Case") with the crime of possession of CSAM in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Plaintiffs' Statement of Material Facts as to Which Genuine Disputes of Material Facts Exist ("Plaintiffs' Facts"), ¶ 1. The crime was alleged to have been committed between January 1, 2015 and February 26, 2019. *Id.*

On April 19, 2021, Milliman entered a plea of guilty for the foregoing charge and was sentenced pursuant to a judgment entered against him on July 28, 2021. Plaintiffs' Facts, ¶ 2. Specifically, the plea agreement stated, in pertinent part, that

> [Milliman] agrees to and hereby does plead guilty to the sole count of the information, charging him with a violation of 18 U.S.C. 2252(a)(4)(B), that is, possession of child pornography. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is, in fact, guilty of this offense.

Exhibit 1.

As part of sentencing, Milliman and the United States entered a stipulation which expressly required Milliman to pay restitution to each of the Plaintiffs in this case. Plaintiffs' Facts, ¶ 4. The Court presiding over the Criminal Case entered an order of restitution for $55,000. Exhibits 2 and 3.

On December 28, 2022, Plaintiffs commenced a civil action under 18 U.S.C. § 2255 seeking mandatory civil damages from Milliman for the grievous harms they have suffered as a result of Milliman's crime. (*Lily, et al. v. Michael Milliman* (Case No. 6:22-cv-03329-MDH) (W.D.M.O.)). Plaintiffs' Facts, ¶ 10.

On June 13, 2023, Milliman filed a Chapter 7 Bankruptcy proceeding under § 101 Title 11 of the United States Code ("11 U.S.C.") in this Court, commencing the underlying bankruptcy proceeding. (*In re Milliman*, (Case No.: 23-60322 (CAN) (W.D.M.O)). Plaintiffs' Facts, ¶ 9. Thereafter, on September 26, 2023, Plaintiffs commenced the instant adversary proceeding

3

(*"Lily," et al. v. Michael Thomas Milliman*, (Case No.: 23-06007 (CAN) (W.D.M.O.)), seeking a determination that the debt due to Plaintiffs by Milliman is non-dischargeable under 11 U.S.C. § 523(a)(6) and § 523(a)(13). Plaintiffs' Facts, ¶ 12. In Plaintiffs' Amended Complaint (Dkt. No. 11), Plaintiffs allege that Milliman "viewed child pornography depicting Plaintiffs while they were minors" and as a result thereof, they have suffered "willful and malicious injury by [Milliman] by his viewing child pornography images of Plaintiffs." Plaintiffs' Facts, ¶ 14-16.

In his motion for summary judgment, Milliman seeks to circumvent his obligations under 18 U.S.C. § 2255. Milliman argues that (i) he did not possess the requisite intent necessary to cause "willful and malicious injury" to Plaintiffs, as required by 11 U.S.C. § 523(a)(6); and (ii) he satisfied his restitution obligation in full in August 2021, when he paid $60,100 to the Clerk of the Court, and therefore, "this debt no longer existed" on the date he filed his Chapter 7 petition. (Dkt. 32, pp. 3-4). Under applicable law, however, to demonstrate willful and malicious injury, Plaintiffs need only prove that Milliman *knew* he was dealing with CSAM; and the liquidated damages provision under 18 U.S.C. § 2255 may not be diluted by Milliman's argument that his obligation was discharged when he paid the restitution debt ordered by the Court in the Criminal Case. The provision of liquidated damages in 18 U.S.C. § 2255 precludes the arithmetic of slicing and dicing of damages – Plaintiffs are axiomatically entitled to liquidated damages in the amount of $150,000 each regardless of whether criminal restitution has been paid or not.

Plaintiffs' Statement of Material Facts clearly demonstrates that summary judgment is unwarranted in this matter where genuine issues of material fact exist regarding the non-dischargeability of Milliman's debt owed to Plaintiffs.

**LEGAL ARGUMENT**

**I.     The Legal Standard for Summary Judgment**

Under Fed.R.CivP. Rule 56, made applicable herein pursuant to Fed.R.Bankr.P. 7056,, summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Nader v. City of Papillion*, 917 F.3d 1055, 1058 (8th Cir. 2019); *see* Fed.R.Civ.P. Rule 56. In considering a motion for summary judgment, "the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence." *DePugh v. Sutton*, 917 F. Supp. 690, 694 (W.D. Mo.), *aff'd*, 104 F.3d 363 (8th Cir. 1996) ("[a] moving party is entitled to summary judgement on a claim if there is a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law") (internal quotation marks omitted). "[T]he burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)

"To successfully oppose a motion for summary judgment, the non-moving party (here, Plaintiff) must set forth specific facts showing that there is a genuine issue for trial." *Satterlee v. Internal Revenue Serv.*, No. 6:21-CV-03046-RK, 2022 WL 11429392, at *3 (W.D. Mo. Oct. 19, 2022) (internal quotation marks omitted). "The inquiry performed is…[whether]…there are genuine issues that properly can be resolve only by a fact finder because they may reasonably be resolved in favor of either party." *Mackovich v. United States*, No. 08-3319-CV-S-DW-P, 2012 WL 12995609, at *1 (W.D. Mo. July 3, 2012), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2502, 91 L.E.d2d 202 (1986). Factual disputes "will properly preclude the entry of

5

summary judgment." *DePugh v. Sutton*, 917 F. Supp. 690, 694 (W.D. Mo.), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2502, 91 L.E.d2d 202 (1986).

Milliman has utterly failed to meet his burden of demonstrating that there is no genuine issue of a material fact and that Plaintiffs do not have evidence to support their case. In fact, to the extent there are undisputed facts, they support a finding that Milliman cause willful and malicious harm to Plaintiffs because (a) Milliman admitted that he viewed CSAM of the Plaintiffs, and (b) such viewing is willful and malicious by operation of law. At most, Milliam may merely assert conflicting facts as to his intent. Therefore, Milliman's motion for summary judgment must be denied.

> II. **Plaintiffs' Have Sufficiently Demonstrated that Milliman's Conduct Caused "Willful and Malicious" <u>Injury to Plaintiffs Sufficient to Sustain Plaintiffs' Cause of Action</u>**

"Section 523(a)(6) provides that certain debts are not dischargeable in bankruptcy, namely those that are for willful and malicious injury by the debtor to another entity." *In re Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999) (internal quotation marks omitted). "Willfulness is defined as headstrong and knowing conduct and malicious as conduct targeted at the creditor…at least in the sense that the conduct is certain or almost certain to cause…harm." *Id.* (internal quotation marks omitted). "[T]he party seeking to avoid discharge of the debt, must prove by the preponderance of the evidence before the § 523(a)(6) exception to discharge applies." *Id.*

"Willful and malicious are two distinct requirements." *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008). With respect to "willful" injury, "[i]f the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences." *In re Patch*, 562 F.3d at 1180 (noting that courts within the Eighth Circuit have made clear that the "willful element is a subjective one"); *In re Porter*, 539

6

F.3d 889, 894 (8th Cir. 2008) ("[a] willful injury is a deliberate or intentional invasion of the legal rights of another, because the word injury usually connotes legal injury…in the technical sense"). Regarding "malicious" injury, Courts have held that proving malice "requires more than just reckless behavior by the debtor" – *i.e.*, the debtor "must have acted with the intent to harm" the creditor "rather than merely acting intentionally in a way that resulted in harm." *In re Scarborough*, 171 F3d at 641.

In some instances, typically in cases with judgments involving negligence, a debtor might act intentionally but not know that his conduct will cause injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 976, 140 L. Ed. 2d 90 (1998). When that is the case, the creditor will need to show that the debtor "deliberately chose" to injure or knew that injury would result from his conduct. *Id.* 61-62. In other cases, Courts have held that "the law will sometimes presume that injury results from an act." *In re Boland*, 946 F.3d 335, 338 (6th Cir. 2020). "Such is the case for false statements imputing a lack of chastity, which are defamatory per se….[t]he law presumes that those statements will injure". In such cases, "all a creditor needs to prove to except a defamation per se judgment from discharge is that the debtor knew the facts which made his statements actionable." *Id.* ("[a]ny debtor who makes a knowingly false, defamatory per se statement is at least substantially certain that his statement will injure").

The Sixth Circuit in *In re Boland* has recognized that a judgment under 18 U.S.C. § 2255 for viewing CSAM is per se injurious. *Id.; In re Halverson*, 266 B.R. 22, 30 (Bankr. D. Minn. 1998) (noting that the § 523 exception to discharge "applies to injuries to the creditor other than of a financial nature" and the requirements of proving exception to discharge "may be satisfied by the indications of the particular circumstances and by the inherent nature of the offending injury").

7

Milliman argues that §523(a)(6) does not apply to except the discharge at issue because "Plaintiffs have not and cannot prove a willful and malicious injury sufficient to state a cause of action under §523(a)(6)." (Dkt. 32, p. 14). In making that argument, however, Milliman completely ignores applicable law and evidence demonstrating that his possession of child pornography caused willful and malicious injury to Plaintiffs.

### A. Milliman "Willfully" Caused Plaintiffs Injury Under 11 U.S.C. § 523(a)(6)

In the Eighth Circuit, "[t]he scope of willful…injury under § 523(a)(6)….is not limited to circumstances in which the debtor desires to bring about the consequences of his conduct." *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008), *citing* Restatement (Second) of Torts § 8A (1965). Rather, the Court's decision in *In re Geiger*, makes clear that proving willfulness requires proof that "the debtor desired to bring about the injury or was, in fact, substantially certain that his conduct would result in the injury that occurred." 113 F.3d 848, 852 (8th Cir. 1997). Section 523(a)(6) only requires the debtor to be "substantially certain" that injury will result from his conduct. *In re Geiger*, 113 F.3d at 852. This is a concept adopted from Tort Law, under which intent is not "limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." Restatement (Second) of Torts § 8A (1965).

At bar, Milliman admitted that he **knowingly** possessed images and videos of Plaintiffs – minors at the time – which constitute CSAM in violation of 18 U.S.C. § 2252(a)(4)(B). In the plea agreement entered between the United States and Milliman in the Criminal Case, Milliman pled guilty to the following:

> 2.  **Defendant's Guilty Plea.** [Milliman] agrees to and hereby does plead guilty to the sole count of the information, charging him with a violation of 18 § 2252(a)(4)(B), that is, possession of child pornography. By entering into this

8

plea agreement, [Milliman] admits that he **knowingly** committed this offense, and is, in fact, guilty of this offense.

    3.    **Factual Basis for Guilty Plea**. The parties agree that the facts constituting the offense to which [Milliman] is pleading guilty are as follows:

…

[Milliman] confessed that he accessed child pornography via the Internet and saved the images to his computer. [Milliman] acknowledged that he had engaged in this behavior for several years.

Computer Forensic Analyst Michael Costello later conducted a forensic examination of [Milliman's] Apple iMac computer and Western Digital external hard drive seized from the residence. Numerous images depicting child pornography were recovered from [Milliman's] computer, including depictions of children engaged in sexual acts. At least one of the images depicted a minor who had not attained 12 years of age engaged in sexually explicit conduct. The examination also revealed that [Milliman] had **deliberately** searched the Internet for child pornography using terms such as "pthc," "preteen," and "Vicky."

Exhibit 1, ¶¶ 2-3. (emphasis added). It is important to note that "Vicky" represents the Vicky child pornography series of which Plaintiff Lily is the victim. "Pthc" is the acronym for "preteen hardcore."

By possessing the CSAM depicting Plaintiffs, Milliman was substantially certain that an injury would result from his criminal conduct. *First*, under 18 U.S.C. § 2255(a), the act of possessing child pornography itself is an injury. 18 U.S.C. § 2255(a). The inherent nature of the offending injury precludes Milliman from arguing that he was not substantially certain that he would cause harm as a consequence of his possession of child pornography. *In re Halverson*, 266 B.R. 22, 30 (Bankr. D. Minn. 1998). *Second*, as stated in the plea agreement, Milliman knowingly and deliberately possessed the images and videos depicting Plaintiffs. Milliman knew that possessing child pornography is a violation of federal law and yet despite this knowledge, Milliman still went ahead and sought out, searched for, and possessed the CSAM depicting

9

Plaintiffs. Under well-established principles of Tort Law and applicable law, Milliman is therefore treated as if he had in fact desired to produce the result, which is sufficient to establish the element of willful injury. Restatement (Second) of Torts § 8A (1965). Indeed, the Eighth Circuit has held that where an individual deliberately or intentionally invades the legal rights of another – such as Milliman did here by possessing child pornography in violation of 18 U.S.C. § 2252 – a willful injury is deemed to have occurred. *In re Porter*, 539 F.3d 889, 894 (8th Cir. 2008).

The Sixth Circuit recently considered whether the "willful and malicious injury" exception for discharge under § 523(a)(6) includes debts related to possession of child pornography and answered that question affirmatively. *In re Boland*, 946 F.3d 335 (6th Cir. 2020). The *Boland* court was clear: a judgment under 18 U.S.C. § 2255 is excepted from discharge as a matter of law. *In re Boland*, 946 F.3d at 338-339. Milliman's attempt to distinguish *Boland* from the facts at bar falls flat on its face.

In *Boland*, the defendant – an attorney – created, possessed, and displayed child pornography depicting the plaintiffs in a courtroom. *In re Boland*, 946 F.3d at 342. The defendant argued that he never intended, nor had the conscious desire, to hurt the plaintiffs. *Id.* at 341. In determining whether the defendant's debt was non-dischargeable under § 523(a)(6), the Court found that the defendant caused the plaintiffs willful injury at the moment that he created the child pornography. *Id.* at 339. The Sixth Circuit stated that the law presumes that acts involving child pornography, "which harm children's reputation, emotional well-being, and privacy, cause injury." *Id.* at 342 (holding that the act of possessing child pornography "itself is an injury). Specifically, the *Boland* court stated that "[t]he law deems victims of child pornography to have sustained damages of no less than $150,000 in value" which constitutes "a legal presumption of injury." *Id.* at 339. Therefore, that presumption precluded the defendant from arguing "he was not

10

substantially certain injury would result from his knowing acts." *Id.* at 342. The court found that despite the defendant's alleged "innocent intentions, he was substantially certain that his conduct would harm" the plaintiffs and therefore, "[u]nder § 523(a)(6), that means [the defendant] willfully and maliciously injured [the plaintiffs], and their judgment must be excepted from discharge." *Id.* at 342. The court confirmed that to convince the bankruptcy court that their judgment under 18 U.S.C. § 2255 "was the result of willful and malicious injury," the plaintiffs need only prove that the defendant "knew he was dealing with child pornography" when he created and/or displayed the images. *Id.*

In this case, Milliman argues that the his actions in viewing CSAM differs from that of *Boland* because he "never created, produced, published, displayed, sold, or distributed any pornographic images." (Dkt. 32, p. 10). Milliman incorrectly argues that, although he **deliberately and intentionally possessed child pornography**, he did not deliberately or intentionally injure the Plaintiffs and therefore, Plaintiffs cannot satisfy the element of willfulness. Whether the instant matter is analyzed under *Boland* or the law of the Eighth Circuit, the result is the same – despite Milliman's alleged "innocent" intentions, he **deliberately** invaded the legal rights of Plaintiffs by violating 18 U.S.C. § 22552(a), an act which is an injury in itself, and was *at least* substantially certain that his possession of child pornography would cause injury to Plaintiffs. Thus, under § 523(a)(6), that Milliman willfully injured Plaintiffs. *In re Boland,* 946 F.3d 335; *In re Porter*, 539 F.3d 889, 894 (8th Cir. 2008).

Moreover, Milliman's reliance on *Cassidy v. Minihan*, 794 F.2d 340, 341 (8th Cir 1986) is misplaced. In *Cassidy*, the defendant consumed alcohol and then proceeded to drive home on the highway, during which time he collided head-on with plaintiff's vehicle, causing plaintiff to suffer substantial personal injuries as a result. *Cassidy*, 794 F.2d at 341. The court concluded that the

11

defendant's debt was dischargeable under § 523(a)(6) because "the court found no suggestion that [the defendant] intentionally drove his car across the center line of the highway, or that he intended to engage in a collision with another vehicle." *Id.* at 342. In contrast, here, Milliman **deliberately** undertook a search via the Internet to find child pornography and he **intentionally** saved those images and videos to his desktop. Unlike in *Cassidy* where the debt at issue was a result of a one-time automobile accident, Milliman engaged in this criminal conduct for *years* – despite knowing it was illegal. Milliman's attempt to compare an automobile accident to possession of child pornography incomprehensible because it compares a one-time unintended consequence of a bad act with an act that, by its nature, injures the victim.

Given the foregoing, it is axiomatic that Plaintiffs have satisfied the "willful" element of § 523 (a)(6). Accordingly, Plaintiffs respectfully submit that this Court deny Milliman's motion for summary judgment on Plaintiffs' first cause of action.

### B. Milliman "Maliciously" Caused Plaintiffs Injury Under 11 U.S.C. § 523(a)(6)

To prove Milliman's debt is excepted from discharge under § 523(a)(6), Plaintiffs must also prove that Milliman "maliciously" caused Plaintiffs injury. The Eighth Circuit has defined "malicious as conduct targeted at the creditor… at least in the sense that the conduct is certain or almost certain to cause harm." *In re Miera*, 926 F.2d 741, 744 (8th Cir. 1991).; *see In re Long*, 774 F.2d 875, 880-881 (8th Cir. 1985) (holding that for conduct to be malicious, it must not only be "certain or almost certain to cause…harm," it must also "be targeted at the creditor"). "Circumstantial evidence of the debtor's state of mind could be used to ascertain whether malice" exists. *In re Miera*, 926 F.2d at 744.

In *In re Miera*, the plaintiff, Johnson, commenced a lawsuit against the defendant, Miera, for battery, "alleging that Miera kissed him on the mouth without his consent." *Id.* at 742. In

Case 23-06007-btf    Doc 41    Filed 12/05/23    Entered 12/05/23 17:40:38    Desc Main
Document      Page 13 of 17

determining whether the debt arising from the battery was excepted from discharge under § 523(a)(6), the court found that Miera acted with malice because the evidence showed he "was more than reckless when he kissed Johnson because he *intended* to cause Johnson harm," and Miera was certain or substantially certain that Johnson would be harmed by an unwanted kiss. *Id.* at 744. The court further found that the evidence demonstrated that "Miera's conduct was targeted at Johnson" and that Miera "deliberately kissed Johnson even though he was aware that Johnson did not share his affections and that Johnson would be harmed by the offensive contact." *Id.*

In *In re Halverson*, the defendant sexually molested the minor-female plaintiff. 226 B.R. 22, 26 (Bankr. D. Minn. 1998). In determining the dischargeability of the debt arising as a result of the molestation, the court relied on *In re Miera* for the proposition that "malice, or intent to harm, in a sexual intentional tort is self-evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because he should know and therefore the intent is transferred as a matter of law." 226 B.R. 22, 30 (Bankr. D. Minn. 1998). The *Halverson* court stated that "[i]n finding malice in *Miera*, the Court relied on the assumption that unwanted sexual contact is harmful and that Miera knew as much and committed the battery anyway." *Id.* The court went on to further explain that "Congress provided § 523(a)(6) to avoid discharging debts for morally repugnant debtor conduct, and sexual contact with children appears to be a category of conduct defined across jurisdictions to inherently encompass malice." *Id.* Finally, the *Halverson* court found malice based on circumstantial evidence of the debtor's state of mind – *i.e.*, that the debtor admitted he "was sexually tempted," that he observed the plaintiff to be a minor and "immodestly dressed, and that he was thinking….about having sexual relations with her, unambiguously define the nature of his intentions." *Id.; In re Porter*, 539 F.3d 889, 894 (8th Cir.

13

2008) (providing that "[s]ufficient case law exists that excerpts from discharge judgment debts from sexual harassment cases").

Here, as discussed previously, Milliman was certain or substantially certain that injury would result from his criminal conduct. Moreover, his conduct was directly targeted at Plaintiffs. For example, in the plea agreement, Milliman pled guilty to accessing child pornography and deliberately searching the Internet for "pthc" and "preteen," search terms which would target Plaintiffs' demographic. Not only that, but Milliman pled guilty to searching the Internet for "Vicky," which represents the Vicky child pornography series of which Plaintiff Lily is the victim. If this does not display targeted conduct constituting malice then respectfully, what does?

Further, as in *Miera* and *Halverson*, the requisite malice intent is self-evident here given the nature of the crime. Possession of child pornography is morally repugnant conduct and as stated in *Halverson*, Congress intended § 523(a)(6) to avoid discharging debts for such conduct. Indeed, the production, distribution, and possession of child pornography is revered across all jurisdictions as a particularly heinous crime. It follows logically that, as found in *Boland*, possession of child pornography inherently encompasses malice. Lastly, as found in *Halverson*, the circumstantial evidence at bar proves that Milliman acted with the requisite malice intent – he knew Plaintiffs were minors, yet nevertheless, he viewed, downloaded, and saved images and videos of Plaintiffs "engaged in sexual acts" on his computer. This conduct unambiguously defines the malicious nature of his intentions.

Milliman's reliance on *In re Clampitt*, 499 B.R. 640 (Bankr. E.D.M.O. 2013) is misplaced and unpersuasive. In *Clampitt*, the court found that the debtor did not act maliciously because there was no evidence that the debtor "specifically intended any harm to Decedent," there was no evidence that the debtor "knew Decedent," and "Decedent was simply in the wrong place at the

14

wrong time and it ultimately cost him his life." 499 B.R. at 655. In stark contrast, here, Milliman actively sought out CSAM, including images and videos depicting Plaintiffs, despite knowing that doing so was a violation of Plaintiffs' rights and unwanted by Plaintiffs; he deliberately searched the Internet using terms which would provide him with results targeting female, minor children engaged in illegal, nonconsensual sexually explicit acts; *and* he explicitly searched for child pornography involving "Vicky," the child pornography series in which Plaintiff Lily is depicted. Unlike in *Clampitt*, here Milliman cannot argue that he did not act with malice intent given the aforementioned evidence. He intended to find, possess and watch child pornography, an act that is per se malicious and causes repeated harm to victims under the law.

Based upon the foregoing, it matters not whether Milliman "knew these individual victims personally," he acted with the requisite malice intent by possessing child pornography depicting Plaintiffs and therefore, Plaintiffs have sufficiently satisfied their burden under § 523(a)(6). Thus, Milliman's motion for summary judgment on Plaintiffs' first cause of action must be denied.

### III. Plaintiffs' Have Sufficiently Demonstrated that Milliman's Debt Cannot be Discharged Under § 523(a)(13)

Under 11 U.S.C. § 523(a)(13), federal criminal restitution orders cannot be discharged in bankruptcy proceedings. Here, the Court in the Criminal Case ordered Milliman to restitution to each of the Plaintiffs in the total amount of $55,000, plus costs for the benefit of known victims.

The fact that Milliman has paid a sum of approximately $60,100 owed to Plaintiffs does not circumvent his obligation under the mandatory liquidated damages provision of 18 U.S.C. § 2255 to pay liquidated damages, plus attorney's fees, owed to Plaintiffs as a result of his crimes.

The criminal order of restitution is separate and distinct from the mandatory liquidated damages provision of 18 U.S.C. § 2255. Once liability under § 2255 has been established, a victim "shall recover" her actual damages or "liquidated damages in the amount of $150,000." In order

15

to recover the "statutory minimum" of $150,000, a victim need not prove whether criminal restitution has or has not already been paid – one has nothing to do with the other.

Accordingly, Milliman's motion for summary judgment on Plaintiffs' second cause of action must be denied.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Debtor-Defendant Michael Thomas Milliman's motion for summary judgment in its entirety.

Dated: December 5, 2023

Respectfully submitted,

BILL KENNEY LAW FIRM, LLC
*/s/ William C. Kenney*
William C. Kenney, Esq.
Mo. Bar. No. 63001
PO Box 561
Lee's Summit, MO 64063
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
E-mail: bkenney@billkenneylaw.com

PACHULSKI STANG ZIEHL & JONES LLP.
Ilan D. Scharf, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-mail: jstang@pszjlaw.com
ischarf@pszjlaw.com
kdine@pszjlaw.com

CAROL L. HEPBURN P.S.
Carol L. Hepburn, Esq.
PO Box 17718
Seattle, WA 98127
Telephone: (206) 957-7272
Facismile: (206) 957-7273
Email: carol@hepburnlaw.net

DEBORAH A. BIANCO, P.S.
Deborah A. Bianco, Esq.
14535 Bellevue-Redmond Road, Suite 201
Bellevue, WA 98007
Telephone: (425) 757-4500
Email: deb@debbiancolaw.com

MARSH LAW FIRM PLLC
Margaret E. Mabie, Esq.
31 Hudson Yards, 11th Floor
New York, NY 10001
Telephone: (212) 372-3030
Email: margaretmabie@marsh.law

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2023, the foregoing document was served with the Court's Electronic Filing System and will be served on all registered attorneys of record.

                                                         */s/ William C. Kenney*
                                                        William C. Kenney