**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re:<br><br>Michael Thomas Milliman,<br><br>Debtor. | Chapter 7 Proceeding<br><br>Case No. 23-60322 (CAN) |
| "LILY," "SARAH," "SOLOMON," "HENLEY," WILLIAM L.E DUSSAULT as Guardian ad litem for "VIOLET," a minor, JANE ROE, as next of friend of "PIA," a minor, "JENNY" and "FIONA,"<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL THOMAS MILLIMAN,<br><br>Defendant. | Adv. Proc. No.: 23-06007 (CAN) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH A GENUINE ISSUE OF MATERIAL FACT EXISTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiffs "LILY," "SARAH," "SOLOMON," "HENLEY," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," a minor, JANE ROE, as next friend for "PIA," a minor, "JENNY," and "FIONA," by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 26, made applicable in the bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1(H) of the Local Rues of Practice of the United States Bankruptcy Court for the Western District of Missouri, submit the following Statement of Material Facts as to Which a Genuine Issue of Material Fact Exists in Opposition to Debtor-Defendant MICHAEL THOMAS MILLIMAN'S motion for Summary Judgment.

1

1.      In 2019, Debtor-Defendant Michael Thomas Milliman ("Milliman") was charged with violations of federal criminal child pornography statute 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (*United States v. v. Michael Milliman*, (Case No.: CR 19-03174-01-CR-S-MDH) (W.D.M.O.)) ("Criminal Case"). Plaintiff's Amended Complaint to Determine Non-Dischargeability of Debt Pursuant to Section 523 of the Bankruptcy Code ("Amended Compl.") (Dkt. 11), ¶ 23. This crime was alleged to have been committed over the course of several years – from January 1, 2015, through February 26, 2019. *Id.*

2.      After nearly two years, on April 19, 2021, Defendant pleaded guilty to this child pornography offense and was sentenced with a judgment entered against him on July 28, 2021. Amended Compl., ¶ 24. A true and accurate copy of the plea agreement between Milliman and the United States is annexed hereto as **Exhibit 1**.

3.      In his plea, Milliman pled guilty to the charge of possession of child pornography and was sentenced to a period of incarceration of thirty-six (36) months. Amended Compl., ¶ 24. Specifically, Milliman pled guilty to (i) "accessing child pornography via the Internet," (ii) saving the child pornography images and videos "to this computer," (iii) engaging "in this behavior for several years," (iv) possessing images depicting "children engaged in sexual acts," including images depicting "a minor who had not yet attained 12 years of age engaged in sexually explicitly conduct;" and (v) deliberately searching the Internet for child pornography using search terms such as "pthc," "preteen," and "Vicky," of the Vicky child pornography series of which Plaintiff Lily is a victim. *See* Exhibit 1.

4.      On July 29, 2021, a criminal restitution judgment was entered against Milliman, ordering him to pay a total of $55,000 in restitution, that is, $5,000 for each of the 11 known

victims in the Criminal Case. Amended Compl., ¶ 25. A true and accurate copy of the Restitution Judgment (dated, 7/29/2021) is attached hereto as **Exhibit 2**.

5. Milliman served his 36-month prison sentence from July 2021 to October 2023.

6. On August 16, 2021, the court in the Criminal Case entered an amended criminal restitution judgment, directing Milliman to pay $55,000 in restitution, that is, $5,000 for each of the 11 known victims in the Criminal Case. Amended Compl., ¶ 25. A true and accurate copy of the Amended Restitution Judgment (dated, 8/16/2021) is attached hereto as **Exhibit 3**.

7. The Amended Restitution Judgment, among other things, provided that "the Government may enforce restitution at any time." *See* Exhibit 3, ¶ 6. The Amended Restitution Judgment did not provide any provision as to the liquidated damages provision of 18 U.S.C. § 2255. *See* Exhibit 3. In addition, Milliman was directed to pay "a lump sum payment" of $55,000 "payable immediately." *See* Exhibit 3, ¶ 5.

8. Since being ordered to pay restitution, Milliman has paid a lump sum towards his obligations.

9. On June 13, 2023, Milliman filed a Chapter 7 Bankruptcy proceeding under § 101 Title 11 of the United States Code ("11 U.S.C.") in this Court, commencing the underlying bankruptcy proceeding. (*In re Milliman*, (Case No.: 23-60322 (CAN) (W.D.M.O)).

10. Prior to Milliman's voluntary petition, on December 28, 2022, Plaintiffs commenced a civil action under 18 U.S.C. § 2255 seeking mandatory civil damages from Milliman for the grievous harms they have suffered as a result of Milliman's crime. (*Lily, et al. v. Michael Milliman* (Case No. 6:22-cv-03329-MDH) (W.D.M.O.)) ("Civil Case"). Amended Compl., ¶ 29. On December 28, 2022, Plaintiffs filed a motion to proceed, with supporting delcarations, under pseudonym given the highly personal and sensitive nature of the Civil Case. On May 17, 2023, the

3

Court in the Civil Case granted Plaintiffs' motion to proceed under pseudonym. A true and accurate copy of Plaintiffs' Motion to Proceed Under Pseudonym, with Supporting Declarations, and Order granting Plaintiffs' Motion are attached hereto as **Exhibits 4-8**.[1]

11. On June 14, 2023, Milliman submitted a Notice of Filing of Bankruptcy in the Civil Case. On July 6, 2023, Plaintiffs responses to Milliman's Bankruptcy Notice in the Civil Case. On July 19, 2023, the Court in the Civil Case stayed the action until a further determination from the bankruptcy court was rendered and ordered the parties to submit a status report by September 28, 2023. The respective parties submitted status reports on September 28, 2023, in the Civil Case.

12. On September 26, 2023, Plaintiffs commenced the instant adversary proceeding (*"Lily," et al. v. Michael Thomas Milliman*, (Case No.: 23-06007 (CAN) (W.D.M.O.)), seeking a determination that the debt due to Plaintiffs by Milliman is non-dischargeable under 11 U.S.C. § 523(a)(6) and § 523(a)(13). *See generally*, Amended Compl.

13. The Plaintiffs herein and/or their legal representatives are the victims of Milliman's crimes of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Plaintiffs have elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies. Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on Milliman's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report. On December 19, 2019, Plaintiffs first received notice

---

[1] Exhibit 4 is Plaintiffs' Motion to Proceed Under Pseudonyms and the Supporting Suggestions thereto; Exhibit 5 is the Declaration of James R. Marsh in Support of Plaintiffs' Motion to Proceed Under Pseudonym; Exhibit 6 is the Declaration of Carol L. Hepburn in Support of Plaintiffs' Motion to Proceed Under Pseudonym; Exhibit 7 is the Declaration of Deborah A. Bianco in Support of Plaintiffs' Motion to Proceed Under Pseudonym; and Exhibit 8 is the Order of the Civil Court Granting Plaintiffs' Motion to Proceed Under Pseudonym.

from VNS that their child pornography images were among those possessed by Milliman in violation of federal child pornography law.

14. Plaintiffs' First Cause of Action in the Amended Complaint in the instant proceeding alleges that Plaintiffs have suffered willful and malicious injury by Milliman by his viewing child pornography images of Plaintiffs and therefore, he is precluded from obtaining a discharge of his debt to Plaintiffs pursuant to 11 U.S.C. § 523(a)(6). Amended Compl., ¶ 31-35.

15. In support of their First Cause of Action, Plaintiffs "repeat and reallege each of the allegations set forth" therein and further allege that Milliman "viewed child pornography depicting Plaintiffs while they were minors." Amended Compl., ¶ 31-32.

16. In their Amended Complaint, Plaintiffs unequivocally allege facts demonstrating that they are victims of Milliman's federal child pornography crimes and have suffered harms as a result therefore proving willful and malicious injury under 11 U.S.C. § 523(a)(6). Amended Compl., ¶ 23-30 ("Plaintiffs have suffered a personal injury as a result of [Milliman's] child pornography crimes").

17. In their Amended Complaint, Plaintiffs allege that "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series. Amended Compl., ¶ 3. Plaintiffs further allege that "[e]ach of the plaintiffs is a person sexually abused as a child and who is depicted in images of child pornography seized from [Milliman's] possession." Amended Compl., ¶ 18. In addition, the plea agreement Milliman entered into explicitly states that he searched the Internet for child pornography using the term "Vicky," of which Plaintiff Lily is a victim. Amended Compl., ¶ 3; Exhibit 1. Further, as stated above, Milliman pled guilty to viewing minors depicted in sexually explicit acts. Exhibit 1. These are just a few examples of Milliman's conduct that

5

demonstrates that he was certain or substantially certain that Plaintiffs would be injured as a result of his crimes and that he possessed the requisite malice intent to harm Plaintiffs.

18. Milliman denies that he intended to cause harm simply because "never created, produced, nor published any visual depictions involving minors engaged in sexually explicit conduct." Dkt. 30, ¶ 14. In doing so, Milliman attempts to downplay and undermine the severe grievous psychological injuries incurred by victims of child pornography. As stated in the Declaration of Carol L. Hepburn (Exhibit 6), however, it matters not whether Milliman did anything other than possess child pornography depicting Plaintiffs because "Plaintiffs herein have severe psychological injuries relating from the child pornography related crimes of which she is a victim."

19. Plaintiffs have adequately alleged that Milliman acted with the requisite malice under 11 U.S.C. § 523(a)(6). *See generally*, Amended Compl.

20. Plaintiffs refer the Court to Paragraph 17 of these Statement of Facts.

21. See above.

22. Plaintiffs refer the Court to Paragraph 17 and 18 of these Statement of Facts.

23. As for their Second Cause of Action in the Amended Complaint, Plaintiffs allege that the federal criminal order of restitution against Milliman is non-dischargeable under 11 U.S.C. § 523 (a)(13).

24. Whether Milliman has or has not paid his restitution obligations in full does not circumvent his obligations under 18 U.S.C. § 2255, for which mandatory liquidated damages in the amount of $150,000, plus attorney's fees, is provided for victims of child pornography.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order denying Debtor-Defendant Michael Thomas Milliman's Motion for Summary Judgment in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: December 5, 2023

        Respectfully submitted,

        BILL KENNEY LAW FIRM, LLC
        */s/ William C. Kenney*
        William C. Kenney, Esq.
        Mo. Bar. No. 63001
        PO Box 561
        Lee's Summit, MO 64063
        Telephone: (816) 842-2455
        Facsimile: (816) 474-8899
        E-mail: bkenney@billkenneylaw.com

        PACHULSKI STANG ZIEHL & JONES LLP.
        Ilan D. Scharf, Esq.
        780 Third Ave., 34th Floor
        New York, NY 10017
        Telephone: (212) 561-7700
        Facsimile: (212) 561-7777
        E-mail: jstang@pszjlaw.com
                ischarf@pszjlaw.com
                kdine@pszjlaw.com

        CAROL L. HEPBURN P.S.
        Carol L. Hepburn, Esq.
        PO Box 17718
        Seattle, WA 98127
        Telephone: (206) 957-7272
        Facismile: (206) 957-7273
        Email: carol@hepburnlaw.net

        DEBORAH A. BIANCO, P.S.
        Deborah A. Bianco, Esq.
        14535 Bellevue-Redmond Road, Suite 201
        Bellevue, WA 98007
        Telephone: (425) 757-4500
        Email: deb@debbiancolaw.com

        Margaret E. Mabie, Esq.
        31 Hudson Yards, 11th Floor
        New York, NY 10001
        Telephone: (212) 372-3030
        Email: margaretmabie@marsh.law

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of December, 2023, the foregoing document was served with the Court's Electronic Filing System and will be served on all registered attorneys of record.

        _/s/ William C. Kenney_
        William C. Kenney